*May Term,*
*1859.*

LANE
v.
READY.

———————— •◦•► ————

## LANE *v.* READY and Another.

APPEAL from the *Pulaski* Circuit Court.

HANNA, J.—This was an action by the appellees against the appellant to enforce the specific performance of a contract.

The complaint alleges that, on the 1st of *November*, 1852, the defendant sold to the plaintiffs, a certain tract of land, and executed to them a title-bond conditioned that he would, upon the payment of a joint note by plaintiffs, then executed to the defendant, for the sum of 60 dollars, payable on the 25th day of *December*, 1852, execute a deed, &c.; that on the 25th of *December*, 1857, and on, &c., the plaintiffs tendered the amount of said note, and interest, &c., and also a deed properly prepared, &c., and demanded that the same should be executed; that defendant refused to perform, &c.; that the money was brought into Court, &c. Prayer, that defendant be compelled to perform the contract, and for relief, &c.

The defendant answered, that he did, on the day the note

*Wednesday,*
*June 15.*

May Term,
1859.

became due and the contract was to be performed, tender a deed, prepared in pursuance of said contract, and the note, to *Mc Coy*, one of said plaintiffs (the other having left the country), and demand payment of said note; that *Mc-Coy* refused to pay the note, which was then surrendered to him, and he abandoned the contract; that defendant, afterwards, in 1853, sold the land to one *Waldron*, received the purchase-money therefor, and executed a deed; that *Waldron* had no notice of the contract of plaintiffs, &c.

There was a demurrer to the answer sustained, and judgment for specific performance.

The demurrer should have been overruled. The answer is sufficient, if true, to preclude the plaintiffs' right to any relief. The demurrer admits it to be true, so far as it is well pleaded. So far as the pleadings show, no advantage had been derived by the defendant from the contract, which prevented him from treating it as rescinded, upon the non-payment of the note. His surrendering the note to one of the makers, and his subsequent sale of the land to one whom he alleges to have been an innocent purchaser, were acts strongly tending to show a rescision, without the averment which is made, and by the demurrer admitted, that the contract was abandoned. 2 Pars. on Cont., p. 188. — *Green* v. *Green*, 9 Cow. 50.— *Shirley* v. *Shirley*, 7 Blackf. 455.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*D. D. Pratt*, for the appellant.